```
                 UNITED STATES DISTRICT COURT
                           FOR THE
                 MIDDLE DISTRICT OF PENNSYLVANIA


JEFFREY E. NORTH,               :
        Plaintiff               :
                                :
   v.                           :   CIVIL NO. 3:CV-06-359
                                :
                                :   (Judge Conaboy)
D. SCOTT DODRILL,               :
        Defendant               :
                                :
```

# MEMORANDUM AND ORDER
## Background

Jeffrey North, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg), initiated this pro se civil rights action. The complaint is accompanied by a request for leave to proceed in forma pauperis. For the reasons set forth below, North's complaint will be dismissed, without prejudice, as legally frivolous pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

Named as sole Defendant is USP-Lewisburg Warden D. Scott Dodrill. Plaintiff states that on or about July 1, 2004, he was punished by correctional officials for assaulting another prisoner. His punishment consisted of a one (1) year placement in the USP-Lewisburg segregated housing unit followed by a disciplinary transfer to another prison. His complaint claims that the punishment imposed was unfair because several other USP-Lewisburg prisoners who committed more serious disciplinary

1

infractions were given lesser punishment (specifically, one (1) to three (3) months in segregation without a disciplinary transfer). North adds that he has fully exhausted his administrative remedies. As relief, Plaintiff seeks a stay preventing his transfer to another prison pending the outcome of this action and compensatory damages.

## **Discussion**

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis. § 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

A district court may determine that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).[1] The Court of Appeals for the Third Circuit has added that "the plain meaning of 'frivolous' authorizes the dismissal of in

---

[1] Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

2

forma pauperis claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995).  "The frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal.  Denton v. Hernandez, 504 U.S. 25, 33 (1992).

A plaintiff, in order to state a viable civil rights claim must plead two essential elements:  (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Civil rights claims also cannot be premised on a theory of respondeat superior.  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim.  See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976).  As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.

3

Rode, 845 F.2d at 1207.

Other than being named as a defendant, the complaint fails to set forth any specific averments with respect to Warden Dodrill.  There is no allegation asserted that the alleged constitutional mistreatment was ordered or condoned by the Warden.  Likewise, there are no facts alleged which could support a claim that a violation of Plaintiff's constitutional rights resulted from a policy or custom approved by the Defendant.

There are no allegations that Warden Dodrill had any knowledge, participation or acquiescence in the alleged imposition of excessive disciplinary sanctions.  It is apparent that the Plaintiff is attempting to establish liability against the Defendant solely on the basis of his supervisory capacity. Consequently, under the standards announced in Rode, the claims against Warden Dodrill are appropriate for summary dismissal.

**Conclusion**

Since Plaintiff's complaint is "based on an indisputably meritless legal theory," it will be dismissed, without prejudice, as legally frivolous.  Wilson, 878 F.2d at 774.  An appropriate Order will enter.

AND NOW, THEREFORE, THIS 23rd DAY OF FEBRUARY, 2006, IT IS HEREBY ORDERED THAT:

    1.    The Plaintiff's complaint is dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915

4

      (e)(2)(B)(i).

2. The Clerk of Court is directed to close the case.

3. Any appeal from this order will be deemed frivolous, without probable cause and not taken in good faith.

                                <u>S/Richard P. Conaboy</u>
                                Richard P. Conaboy
                                United States District Judge